```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DANBURY SPORTS DOME, LLC,    :
                             :
    Plaintiff,               :
                             :
v.                           :     Case No. 3:15-cv-931 (RNC)
                             :
CITY OF DANBURY and LEO NULL,:
                             :
    Defendants.              :

## RULING AND ORDER

Plaintiff Danbury Sports Dome, LLC, brings this action pursuant to 42 U.S.C. § 1983 against the City of Danbury and its building inspector, Leo Null, alleging violations of substantive and procedural due process.  The complaint also includes negligence claims under state law.  In essence, plaintiff alleges that defendants unlawfully delayed issuing permits for the construction of plaintiff's sports complex and attached unnecessary conditions to those permits once they were issued.  Defendants have moved to dismiss the complaint on the ground, among others, that plaintiff lacked an interest protected by due process that was violated by the allegedly improper delay and unnecessary conditions.  I agree and therefore dismiss the due process claims.  I decline to exercise supplemental jurisdiction over the negligence claims, which are dismissed without prejudice to refiling in state court.

I.   Background

The complaint alleges the following.  Plaintiff owns and

1

operates an indoor multi-sport complex, known as "the Dome," in Danbury, Connecticut.  The Dome was constructed over the course of 2012-2013.  According to plaintiff's anticipated schedule, initial work was to begin in January 2012, construction would be complete in October 2012, and the Dome would open in November 2012.  In keeping with this plan, plaintiff applied for a grading and site work permit in January 2012, and the City approved the permit in February.  After the grading and site work was complete, plaintiff applied for a foundation permit in March 2012.  Because Danbury's Building Inspector, Leo Null, was unfamiliar with dome construction, approval of plaintiff's application was delayed, and Null demanded that plaintiff perform test borings.  After some back-and-forth, Null accepted results from previous test borings, and the foundation permit was issued in May 2012.

Once the foundation was complete, plaintiff applied for a full building permit on June 25, 2012.  Even though the City was required to respond to the application within 30 days, and despite plaintiff's many inquiries, plaintiff did not receive a response until October 23, 2012.  That response consisted of 34 comments, which required modifications to plaintiff's plans or asked questions about the plans.  Plaintiff alleges that these comments were unreasonable and demonstrated that Null refused to understand the nature of dome construction.

In November 2012, after responding to Null's comments, plaintiff received permission to attach the fabric to the foundation, but the City withheld permission to inflate the Dome without any explanation until December 2012. Once the Dome was inflated, plaintiff began building out the interior, but Null caused delays because he demanded modifications that were not required by relevant building codes or otherwise warranted. Finally, in August 2013, plaintiff received a certificate of occupancy and was able to commence operations at the Dome.

Plaintiff alleges that throughout construction of the Dome, defendants delayed issuing permits and imposed unnecessary conditions, thereby delaying completion of the Dome by eight months. This delay meant that plaintiff could not rent the Dome as originally intended from November 2012 to August 2013. In addition, plaintiff was required to pay additional construction costs and professional fees in order to comply with the conditions and modifications.

II. Discussion

Defendants' motion to dismiss, brought under Rule 12(b)(6), tests the complaint's legal sufficiency. To withstand the motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Review under Rule 12(b)(6) occurs in two steps.  First, the court must separate the complaint's well-pleaded factual allegations from its legal conclusions.  Well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.  <u>Id.</u>  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded.  <u>Id.</u>  Second, the court must determine whether the well-pleaded facts in the complaint support a plausible inference that the plaintiff is entitled to relief.  <u>Id.</u> at 678-79.  This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  A complaint containing facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

The complaint asserts that defendants violated plaintiff's substantive and procedural due process rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution by delaying the issuance of permits for construction of the Dome and attaching unreasonable conditions to those permits.  To adequately plead a violation of substantive due process, plaintiff must allege that: (1) the plaintiff had a "valid property interest," and (2) the defendant "acted in an

4

arbitrary or irrational manner in depriving [plaintiff] of that property interest." Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996). To establish a procedural due process claim, plaintiff must allege that: (1) he was deprived of protected property interest, and (2) the procedures used to effect the deprivation were constitutionally insufficient. Oneida Indian Nation of New York v. Madison Cty., 665 F.3d 408, 428 (2d Cir. 2011). For either type of due process claim, therefore, plaintiff must plausibly allege the existence of a property interest protected by the Fourteenth Amendment's Due Process Clause.

The Second Circuit has explained that a constitutionally protected property interest arises in the context of land use regulation only when "there is an entitlement to the relief sought by the property owner." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 192 (2d Cir. 1994). A plaintiff has a "legitimate claim of entitlement" to a particular benefit if, "absent the alleged denial of due process, there is a certainty or a very strong likelihood that the benefit would have been granted." Id. If a local regulator has discretion, the claimant does not have a property right unless that discretion "is so narrowly circumscribed as to virtually assure conferral of the benefit." Id. This analysis turns on "the degree of official discretion," not the "probability of its favorable exercise." Id.

5

Here, plaintiff has not alleged the existence of a constitutionally protected property interest. Under the relevant state statute, building officials have "no independent discretion" beyond determining whether plans submitted by an applicant are in compliance with building and safety codes. Walker v. Town of New Milford, No. CV 93 0062598, 1995 WL 243387, at *4 (Conn. Super. Ct. Apr. 17, 1995), aff'd, 677 A.2d 28 (Conn. 1996). If the plans are in compliance, local authorities have "no discretion" to deny those applications. Id. The complaint alleges that plaintiff's "applications and plans complied with the applicable building codes," Compl. (ECF No. 1) ¶ 16, but the complaint shows that plaintiff received all permits needed to build and begin operating the Dome. What is at issue is the allegedly unreasonable delay plaintiff experienced in getting permits and the allegedly unnecessary conditions that were attached to them.

Plaintiff has not pointed to any provision in the relevant statutes or regulations that confers a legitimate claim of entitlement to permits issued in a more timely manner or without any conditions attached. As just discussed, plaintiff cannot prevail on a due process claim without showing that, under the relevant state and local law, it was "virtually assure[d]" that there would be no delay or conditions.[1] Gagliardi, 18 F.3d at

---

[1] To the extent plaintiff's claims can be construed as asserting that plaintiff was singled out by defendants for unfair

192. Because plaintiff has not made this showing, the due process claims are legally insufficient.

III. Conclusion

Accordingly, the motion to dismiss (ECF No. 25) is hereby granted. I decline to exercise supplemental jurisdiction over the remaining state law claims, which are dismissed without prejudice to refiling in state court.

The Clerk may close the file.

So ordered this 30th day of September 2017.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge

---

treatment when defendants refused to learn the necessary information regarding construction of inflatable domes, as plaintiff urged at oral argument, such a claim does not properly invoke the due process clause. Instead, this type of claim would arise under a "class of one" theory pursuant to the equal protection clause and would require factual support to be plausible.

7